Yabucoa Sugar Company, demandante y apelante, *v.* Manuel
V. Domenech, Tesorero de Puerto Rico, demandado y
apelado.

Núm. 6657.—*Resuelto:* Noviembre 23, 1938.

*Mariano Acosta Velarde,* abogado de la apelante; *Hon. Procurador
General B. Fernández García (Benjamin J. Horton, Ex-Procura-
dor General y R. Cordovés Arana, Ex-Procurador General Auxi-
liar,* en el alegato) y *M. Rodríguez Ramos, Procurador General Au-
xiliar,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

El 13 de agosto de 1938 la Corte de Circuito de Apela-
ciones en el caso de *Yabucoa Sugar Company* v. *Domenech,*
expidió un mandato revocando la decisión de este tribunal
dictada en el presente caso y ordenando el envío del mismo
para ulteriores procedimientos no inconsistentes con la opi-
nión emitida por la referida Corte de Circuito de Apelacio-
nes (95 F. (2d) 481). El 24 de agosto del año en curso, el
letrado de la demandante victoriosa acudió a este tribunal
y solicitó se dictara sentencia de conformidad con las ale-
gaciones de la demanda. Esto indudablemente se hubiera
hecho así de no haberse radicado una oposición. Sin em-
bargo, el 25 de mismo mes y año, y con posterioridad a esa
fecha, el demandado y anterior apelado substancialmente
hizo constar que estaba tratando que el caso fuera revisado
mediante *certiorari* por la Corte Suprema de los Estados

Unidos. En realidad en los autos hay indicios de que el letrado del anterior apelado obtuvo de la Corte Suprema de los Estados Unidos una prórroga hasta el 5 de diciembre de 1938 para radicar dicho recurso de *certiorari*.

Considerando los argumentos y los memorándums de las partes hemos llegado a la conclusión de que este tribunal debe acceder a lo solicitado por la Yabucoa Sugar Company. El Tesorero de Puerto Rico sostiene que existe una ley de los Estados Unidos (Estatutos Revisados, sección 1008) que obliga a la corte contra la cual procede el *certiorari* que suspenda la expedición del mandato al radicarse una petición de *certiorari* ante la Corte Suprema de los Estados Unidos. Inmediatamente diremos que esto no es aplicable a un caso en que el mandato ya ha sido expedido, como ocurre aquí. Empero, el Tesorero llama también nuestra atención hacia una decisión de los Estados Unidos, *Oceanic Steam Navigation Co.* v. *Watkins,* 188 Fed. 909, en que la corte a la cual se remitió el mandato se sintió facultada y obligada a demorar la ejecución de la sentencia. Sin embargo, la distinción para nosotros es que la sentencia no puede ser ejecutada en este tribunal. En el presente caso es la corte de distrito la llamada a ejecutar la sentencia.

El Tesorero siempre tendría oportunidad de solicitar la suspensión en la corte inferior. Este tribunal tan sólo actúa como intermediario para transferir el expediente a la corte de su origen. Estamos convencidos de que es nuestro deber remitir el mandato de la Corte de Circuito de Apelaciones sin más demora. En el caso citado, supra, la corte que concedió la suspensión tenía poder para ejecutar la sentencia.

Por tanto, *debe declararse con lugar la petición de la Yabucoa Sugar Company, dictarse sentencia a favor de la demandante y devolverse el caso a la Corte de Distrito de San Juan de conformidad con las opiniones de la Corte de Circuito de Apelaciones y de este tribunal.*

El Juez Presidente Señor Del Toro no intervino.